### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO.   4:19-CR-822** |
| | § | |
| **JAMES RAY BUNN,** | § | **JUDGE DAVID HITTNER** |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer Lowery, Acting United States Attorney for the Southern District of Texas and Erin M. Epley, Assistant United States Attorney, the defendant, JAMES RAY BUNN, and the defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The defendant agrees to plead guilty to Counts Two and Four of the Indictment. Count Counts Two and Four charge Defendant with Brandishing of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii). The defendant, by entering this plea agrees that they are waiving any right to have facts that the law makes essential to

1

the punishment either charged in the Indictment or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.      The **statutory** penalty for the violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), is imprisonment of not less than 7 years for Brandishing of a Firearm in Relation to a Crime of Violence, to be served consecutive to any other sentence given, and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 5 years. *See* Title 18, United States Code, sections 3559(a)(1) and 3583(b)(1).

3.      Defendant acknowledges and understands that if they should violate the conditions of any period of supervised release which may be imposed as part of their sentence, then defendant may be imprisoned for up to five years without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a)(1) 3583(e)(3). Defendant understands that they cannot have the imposition or execution of the sentence suspended, nor are they eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A),

immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

7.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a

3

conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 125 S. Ct. 738

4

(2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.     Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10.     The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Counts Two and Four of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts (Counts One and Three) of the Indictment at the time of sentencing; and

(b)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States may move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

5

**Agreement Binding - Southern District of Texas Only**

11.    The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

12.    The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

6

(e)  to appeal the sentence imposed or the manner in which it was
determined.

## Sentence Determination

13.  Defendant is aware that the sentence will be imposed after
consideration of the Sentencing Guidelines, which are only advisory, as well as the
provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless
acknowledges and agrees that the Court has authority to impose any sentence up to
and including the statutory maximum set for the offense(s) to which Defendant
pleads guilty, and that the sentence to be imposed is within the sole discretion of the
sentencing judge after the Court has consulted the applicable Sentencing Guidelines.
Defendant understands and agrees the parties' positions regarding the application of
the Sentencing Guidelines do not bind the Court, and that the sentence imposed is
within the discretion of the sentencing judge. If the Court should impose any
sentence up to the maximum established by statute, or should the Court order any or
all of the sentences imposed to run consecutively, Defendant cannot, for that reason
alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations
under this Plea Agreement.

## Rights at Trial

14.    Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree;

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15.    Defendant is pleading guilty because he is guilty of the charges contained in Count Two and Four of the Indictment. If this case were to proceed to

8

trial, the United States could prove each element of the offense beyond a reasonable doubt including, but not limited to, the following facts:

On July 14, 2019, James Ray Bunn entered a Subway at 9251 Gulf Freeway, Houston, Southern District of Texas. Bunn displayed a black firearm to the clerk and demanded money from cash register. The robbery impacted interstate commerce. Bunn left with the U.S. currency stolen from the business.

On July 14, 2019, James Ray Bunn entered a Subway at 14455 Cullen Boulevard, Houston, Southern District of Texas. Bunn entered alone, displayed a black firearm to clerk and demanded money from the cash register. Bunn left with the U.S. currency stolen from the business.

The suspect in these robberies is wearing the same clothing in each event, the suspect has the same physical appearance as Bunn and Bunn's face is seen on video. Bunn's vehicle is described by complainants as the getaway vehicle. Search warrants were executed and resulted in cell phone tower data which puts Bunn at or near these locations and others at the time of the robberies.

### Breach of Plea Agreement

16.    If defendant should fail in any way to fulfill completely all the obligations under this plea agreement, the United States will be released from its

obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines

17.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all

10

financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Fines**

21.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the

government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

22.     This written Plea Agreement, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23.     Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on ___november 23___, 2021.

12

JAMES RAY BUNN
Defendant

Subscribed and sworn to before me on _____november 23_____, 2021.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK


By: _____
Deputy United States District Clerk



APPROVED:

JENNIFER LOWERY
UNITED STATES ATTORNEY

By:

Erin M. Epley
Assistant United States Attorney
Southern District of Texas
1000 Louisiana Dr.
Houston, TX 77002
Texas Bar No. 24061389
erin.epley@usdoj.gov

RAY VAZQUEZ
Attorney for Defendant James Ray Bunn
Texas Bar No.

read and carefully reviewed every part of this plea agreement with my attorney. I

understand this agreement and I voluntarily agree to its terms.

<br>

_____   11-23-21
JAMES RAY BUNN         _____
Defendant              Date

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _____11/23/21_____
Ray Vazquez                                    Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have

15